UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 11 2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BOBBY DON BUTLER, | \* | CIV 12-4099 |
| Petitioner, | \* | |
| -vs- | \* | REPORT and RECOMMENDATION |
| WARDEN JORDAN R. HOLLINGSWORTH, FEDERAL PRISON CAMP, YANKTON, | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Bobby Don Butler, (Butler) is a federal inmate currently incarcerated at the Yankton Federal Prison Camp. He has been granted *in forma pauperis* status and has filed a Petition (Doc. 1) requesting relief under 28 U.S.C. § 2241. The Warden has filed a Brief (Doc. 10), the Declaration of Angela Buege (Doc. 11) and the Declaration of Todd Duncan (Doc. 12) in Response to Butler's Petition. Butler filed a Response to the Warden's Response (Doc. 13). Butler's § 2241 cause of action is now ripe for decision.

## JURISDICTION

Butler is currently incarcerated at the Federal Prison Camp in Yankton, South Dakota and challenges a Bureau of Prisons decision regarding his halfway house placement. This matter is therefore properly brought in the federal district court for the District of South Dakota pursuant to 28 U.S.C. § 2241. *Morrow v. Rios*, 2009 WL 924525 (D. Minn.). The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Order dated March 18, 2010.

## BACKGROUND

In March, 2011, Butler was convicted of Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. §1956(h). Butler was convicted in the Southern District of Texas, but is currently serving his sentence at the Yankton Federal Prison Camp in Yankton, South Dakota. Judge Harmon sentenced Butler to eighteen months,[1] followed by three years of supervised release. Butler's projected release date (via Good Conduct Time) is December 31, 2012.

Butler challenges the Bureau of Prison's decision to release him to a Residential Reentry Center (RRC) for 90 days, beginning on October 2, 2012.[2] Butler contends the Respondent did not properly apply the Second Chance Act when determining his RRC placement, but rather "abuses his discretion by instructing staff that pre-release placement needs can be accommodated by a placement of 60-120 days." *See* Doc. 1 p. 2. In his Response, Butler also asserts that "staff members are instructed to only recommend inmates who participate in the facilities Residential Drug Alcohol Program (RDAP) receive the incentive of the 6 months of RRC placement. . . . Unfortunately, no other inmates are even considered for this 6 month incentive, unless they enroll into the program and are selected by staff. . . ." In support of this contention, Butler attached to his Response the Affidavit of a fellow inmate (Sims) who avers he declined the RDAP program and has been told he will only be eligible for 90-120 days of RRC placement. *See* Doc. 13, EX A.

## DISCUSSION

1. **The Second Chance Act of 2007**

18 U.S.C. §§ 3621(b) and 3624(c) govern the BOP's authority to place inmates in its custody in Residential Reentry Centers (RRCs), formerly referred to as Community Corrections Centers

---

[1]Butler's eighteen month sentence is below the guideline range of twenty-seven to thirty-three months. *See* Doc. 11-2, p.2.

[2]Butler utilized the administrative remedy steps that are available to him to contest the decision. Because he did not received a timely response to the final step, it is considered denied. Butler has, therefore, exhausted his administrative remedies.

2

(CCCs). *See Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004). 18 U.S.C. §§ 3621(b)[3] grants the BOP general authority to designate a prisoner's placement while the prisoner is in the BOP's custody. Pursuant to 18 U.S.C. §3624(c) the BOP has the duty to prepare prisoners for reentry to the community during the final months of the prisoners' terms of imprisonment. Before Congress enacted the Second Chance Act of 2007, Pub.L. No. 110-199, 122 Stat. 657 (2008) (codified at 42 U.S.C. §§ 17501-17555), 18 U.S.C. § 3624(c) provided in relevant part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, *not to exceed six months, of the last 10 per centum of the term to be served* under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.
> (Emphasis added).

The Second Chance Act amended Section 3624(c) on April 9, 2008, to provide in relevant part:

> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment *spends a portion of the final months of that term (not to exceed 12 months)*, under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
> (Emphasis added).

In the Second Chance Act, Congress also directed the Director of the BOP to issue

---

[3] 18 U.S.C. §§ 3621(b) provides that the BOP consider the following five factors in making placements:
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence–
        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
        (B) recommending a type of penal or correctional facility as appropriate; and
    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

regulations which ensure that placement in a community correctional facility be conducted in a manner consistent with 18 U.S.C. 3621(b), be determined on an individual basis, and be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). The references to the placements being determined on an individual basis and of sufficient duration to provide the greatest likelihood of success were not contained in the earlier version of 18 U.S.C. § 3624.

On June 24, 2010, the BOP issued a Memorandum offering "Revised Guidance for Residential Reentry Center (RRC) Placements" explaining the legislative changes to the law and providing guidance to BOP staff on administering the law. The section of the June 24 Memorandum regarding eligibility for RRC placement provides in part:

> When making RRC placement determinations, it is critical that staff understand the difference between eligibility and appropriateness. All inmates are statutorily eligible for up to 12 months pre-release RRC placement. Nevertheless, not all inmates are appropriate for RRC placement, and for those who are appropriate, the length of the RRC placement must be determined on an individual basis in accordance with this guidance.

*See* June 24, 2010 Memorandum, p. 1-2. The June 24 Memorandum sets forth the criteria for pre-release RRC placements to coincide with the five factors set forth in 18 U.S.C. § 3621(b):

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
    (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (b) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission.

### 2. Butler's RRC Placement

Butler contends that his unit team at the Yankton facility violated the Second Chance Act by failing to properly evaluate his case under the factors enumerated in 18 U.S.C. § § 3621(b) and 3624(c). Butler asserts the Unit Team considers factors other than those enumerated in the statute and he requests that he receive the individualized evaluation that is required by law and that the

4

recommendation be made based on information that applies to him. Butler further asserts that the Team's discretion is limited because if they recommend anything more than 120 days their recommendation will be denied.

### A. Individual Assessment Pursuant to 18 U.S.C. §§ 3621(b) and 3624(c)

18 U.S.C. §§ 3621(b) and 3624(c), read together, vest the BOP with broad discretion in considering RRC placement. Nothing in these statutes mandates that the BOP designate an inmate for RRC placement for any period of time. The Second Chance Act only requires that the BOP "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c). "Such conditions *may* include a community correctional facility." *Id.* (Emphasis added). The Second Chance Act does not entitle any prisoner to any particular length of time in an RRC. *See Tovey v. Cruz*, 2010 WL 391336, Civ. No. 09-508 (D. Minn. Jan. 25, 2010).

In this case, the form attached to Buege's Declaration reflects that the Unit Team convened on November 23, 2011, approximately one year before Butler's projected Good Time release date, to review his RRC placement under the Second Chance Act. The factors mandated by 18 U.S.C. § 3621(b) were considered by the Unit Team, along with other factors unique to Butler, such as the length of his sentence, his personal resources, family support, job skills, and whether he has any prospect of employment upon release. Upon completion of their evaluation, the Team recommended a 30-60 day RRC placement, but the staff at FPC Yankton completed an Institutional Referral which recommended a 90 day placement. The Community Corrections Manager (CCM), who finally determines placement based on bed space and other factors, assigned Butler a 90 day placement at Cornell Corrections in Houston Texas. Butler's RRC placement is scheduled to begin on October 2, 2012.

The record demonstrates that the BOP did not violate the Second Chance Act in handling Butler's RRC placement recommendation. The recommendation was made in late

5

November, over a year before Butler's projected release date. Despite his assertion to the contrary, the 18 U.S.C. § 3621(b) factors were clearly considered, as evidenced by the form dated November 23, 2011 which is attached to the Declaration of Angela Buege (Doc. 11, Attachment B). Butler's case was considered on an individual basis. Although a checklist was utilized, an inmate is not entitled to a full-blown analysis of the 18 U.S.C. § 3621(b) factors when a placement decision is made. *See Miller v. Whitehead*, 527 F.3d 752, 757 (8th Cir. 2008). Although Butler's Unit Team may have considered factors in addition to those listed in 18 U.S.C. § 3621(b), the statute provides a nonexclusive list for the BOP to consider. *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 247 (3rd Cir. 2005). The Eighth Circuit has explicitly rejected Butler's assertion that the BOP is prohibited from considering non-statutory factors. *Miller*, 527 F.3d at 757-58 ("we do not read §3621(b) to preclude the consideration of factors beyond those set forth in the statute.").

### B. Presumptive 60-120 day "Cap" and Non-Consideration of Maximum RRC Placement Absent Participation Completion of Residential Drug Abuse Program (RDAP)

Butler asserts the FPC Yankton violates the Second Chance Act because it places a presumptive 60-120 day "cap" on RRC placements. Butler asserts "this federal prison camp here in Yankton has not given any inmate over 120 days of RRC placement." The Respondent submitted the Declaration of Todd Duncan (Doc. 12). Mr. Duncan avers that "there is no policy at the FPC Yankton limiting placements to 60 to 120 days." *Id.* ¶3. Duncan further avers that "the majority of inmates who graduate from the Residential Drug Abuse Program (RDAP) receive 50-180 days of RRC placement. This figure is approximately 216 inmates per year. Additionally, I personally know of numerous other inmates who have received 150-180 days of RRC placement." *Id.*[4]

---

[4]In support of his assertion, Butler submitted the Affidavit of a fellow inmate (Sims) who explains that upon his arrival at FPC Yankton, he declined participation in RDAP until "it became known to him" that rarely, if ever, was anyone given a six month RRC placement unless they were in RDAP. *See* Sims Affidavit, Doc. 13, EX A. The allegation in Sims's affidavit is hearsay and irrelevant to whether the BOP has properly determined *Butler's* RRC placement. Butler may base his claim only on the process of *his own* RRC determination, and likewise he may not make a habeas corpus claim on behalf of Sims or any other inmate. "[I]t was not intended that the writ of habeas corpus should be availed, as a matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Whitmore v. Arkansas,* 495 U.S. 149, 164, 110 S.Ct. 1717, 1727, 109

6

While not particularly enlightening, Duncan's Declaration indicates there is no formal or informal policy restricting inmates to a maximum RRC placement of 120 days. The Declaration also indicates that "numerous" non-RDAP inmates from FPC Yankton have received RRC placements of between 150-180 days. The courts have rejected Butler's suggestion (*see* Petition, Doc. 1 at p. 2-3) that by enacting the Second Chance Act, Congress granted federal inmates the "right" to twelve months of RRC placement. "While the Second Chance Act *allows* the BOP to permit an inmate to serve as much as twelve months of his sentence in an RRC, 18 U.S.C. § 2624(c)(1), it does not automatically entitle, or guarantee, any prisoner to a twelve month RRC placement term... The Second Chance Act only directs the BOP to *consider* placing an inmate in an RRC for *up to* a twelve month period" *Ramirez v. Hickey*, 2010 WL 567997 at *3 (E.D. Ky.) (citations omitted) (emphasis in original). Particularly helpful is a recent opinion from Judge Daniel:

> Congress has reposed considerable discretion in the BOP regarding placement of inmates. In promulgating the SCA, Congress expressly made clear that it was not intending to 'limit or restrict the authority' of the BOP in this regard. [18 U.S.C. 3624(c)(4)]. To the extent that [petitioner] is asking this Court to read the SCA as reflecting a Congressionally-enacted presumption that 12 months' RRC placement is required for most inmates, this conclusion would do injustice to Congress' clearly-expressed intention not to usurp the BOP's discretion on placement matters.
>
> Prior to the SCA, courts repeatedly rejected arguments that the prior language authorizing prerelease custody entitled them to a particular amount of RRC placement. If, in enacting the SCA, Congress intended to reverse that line of reasoning and constrain the BOP's decision making ability, it could have done so expressly. However, besides changing the phrase 'six months' to 'twelve months' the SCA makes only cosmetic changes to the existing statutory language. Congress' refusal to make additional substantive changes to the statutory language as part of the Second Chance Act strongly suggests that it did not intend to fundamentally alter the way in which that statute had previously been construed by the courts. To read the statute otherwise would require this Court to attribute to Congress an intention far beyond what is evident in the text.
>
> Accordingly, this Court finds nothing in the Second Chance Act or the BOP's policy memoranda applying it, that justify [petitioner's] contention that twelve months of RRC placement is presumptively necessary. Therefore, this Court need only review the BOP's placement decision, and this review is necessarily limited. The BOP is

---

L.Ed.2d 155 (1990).

vested with broad authority to determine the length of a prisoner's RRC assignment. As long as the BOP properly followed the statutory guidelines and related agency policies, review of the final agency decision is inappropriate for a habeas court.

*Guzman v. Daniels*, 2011 WL 3861582 at *2-3 (D. Colo.) (footnotes and citations altered or omitted).

The BOP considered Butler's RRC placement on an individual basis, using the factors enumerated 18 U.S.C. § 3621(b). Because the BOP did not violate the Second Chance Act in the process of determining Butler's RRC placement recommendation, this Court finds no legal justification to second guess or interfere with BOP's discretion in determining the proper length of Butler's RRC placement recommendation.

Butler asserts, and the BOP does not dispute, that the completion of the RDAP program can be an incentive to consideration for a greater term of RRC placement. This incentive is endorsed by Congress at 42 U.S.C. § 17541(a)(2)(A) which states:

**§17541. Federal prisoner reentry initiative**
**(a) In general**
The attorney general, in coordination with the Director of the Bureau of Prisons, shall, subject to the availability of appropriations, conduct the following activities to establish a Federal prisoner reentry initiative:
\*\*
    (2) Incentives for a prisoner who participates in reentry skills and development programs which may, at the discretion of the Director, include–
    (A)the maximum allowable period in a community confinement facility;

Program Statement P5330.11 (Psychology Treatment Programs) provides that inmates who complete the final component of RDAP "ordinarily . . .must receive no less than a 120 day placement in an RRC . . ." Neither the statute nor the Policy Statement, however, diminish the ultimate discretion held by the Director of the BOP to make the final determination regarding an inmate's RRC placement. Other Courts that have construed the meaning of 42 U.S.C. § 17541(a)(2)(A) together

8

with 18 U.S.C. § 3624(c)(4)[5] have concluded that

> Nothing in the plain meaning of these two provisions suggests that by enacting §17541(a)(2)(A), Congress was attempting to create a separate twelve month RRC placement program distinct from the one already provided for in §3624(c)(4). Indeed, such a construction of these two provisions makes no sense: If the BOP retains the statutory discretion to individually determine the duration of an inmate's RRC placement up to a maximum of twelve months, it is illogical for Congress to then require the BOP to also offer a separate twelve month RRC placement as an incentive to the inmate's completion of the skills development program that, themselves, are to be considered as factors in making an individualized assessment regarding to the duration of the inmate's RRC placement. . . .

*Greene v. Longley*, 2011 WL 3924984 at *8 (W.D. Pa.) (citations omitted, punctuation altered). *See also Crim v. Benov*, 2011 WL 1636867 (E.D. Cal.) (BOP complies with the SCA if it provides the federal inmate with a list of skills development programs which "may increase the likelihood" he will be considered for the maximum RRC placement; SCA does not mandate that the BOP quantify the impact each prison program will have on individual inmate's chances of receiving maximum RRC placement nor does it diminish the Director's discretion).

For these reasons, neither the BOP's failure to place Butler in a Residential Reentry Center (RRC) for longer than 90 days nor its use of participation in the RDAP program as an incentive to earn longer RRC placement for certain inmates constitute an abuse its discretion under 18 U.S.C. § 3624(c).

## CONCLUSION and RECOMMENDATION

For the reasons more fully explained above, it is

(1) respectfully RECOMMENDED to the District Court that Butler's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be DENIED with prejudice.

---

[5] 18 U.S.C. 3624(c)(4) provides: **No limitations.**–Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

9

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 11 day of September, 2012.

BY THE COURT:

John E. Simko
United States Magistrate Judge